UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEGAN COWDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:24-CV-602-ZMB |
| UNITED STATES DEPARTMENT OF THE TREASURY and INTERNAL REVEUE SERVICE, | ) ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM AND ORDER

Before the Court is Defendant United States of America's[1] Motion to Dismiss. Doc. 15. Plaintiff Megan Cowden brought this action to challenge a federal tax lien, seeking both "declaratory and injunctive relief" due to a purported violation of the Administrative Procedures Act (APA). Doc. 1 ¶¶ 7, 10–14. Given that the Anti-Injunction Act (AIA) and Declaratory Judgement Act (DJA) bar judicial review of such tax matters, the Court grants the Motion to Dismiss with prejudice.

### BACKGROUND

Cowden filed this action on April 26, 2024. Doc. 1. Invoking the APA, her Complaint seeks judicial review and vacatur of the IRS's denial of her application for withdrawal of a federal tax lien. *Id.* at 4–5. After months of failed attempts, Cowden served the United States, which timely moved for dismissal on multiple grounds. Doc. 15. In particular, the United States argues that this Court lacks subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and

---

[1] Neither the Department of the Treasury nor the IRS—the only named defendants—are suable entities, which is an independent basis for dismissal. *See, e.g.*, *Williams v. IRS*, No. 4:22-CV-556-SEP, 2022 WL 3153734, at *1 (E.D. Mo. Aug. 8, 2022) (collecting cases); *Napoli v. Dep't of the Treasury*, No. 4:19-CV-2383 RWS, 2019 WL 6716373, at *1 (E.D. Mo. Dec. 10, 2019) (same). However, for purposes of this order, the Court will construe this action as if it were correctly filed against the United States.

that the Complaint fails to state a claim under Rule 12(b)(6). Doc. 16. Cowden opposed dismissal, claiming that she "seeks review of an administrative determination, not to block assessment or collection [of taxes]." Doc. 17 at 3. She later filed a supplemental memorandum, alleging a constitutional violation that requires certification to the Attorney General. [2] Doc. 19.

## LEGAL STANDARD

Federal courts are, by design, courts of limited jurisdiction. *Crain v. Crain*, 72 F.4th 269, 276 (8th Cir. 2023). "Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007). "The plaintiff bears the burden of establishing subject-matter jurisdiction." *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023).

Cowden has filed a claim under the APA, which provides for judicial review of final agency actions, except where another statute expressly or impliedly forbids relief. 5 U.S.C. § 702. Relevant here, both the AIA and the DJA bar suits aiming to restrain the collection of taxes. *See* 26 U.S.C. § 7421(a) ("[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."), 28 U.S.C. § 2201(a) (allowing for declaratory judgment actions "except with respect to Federal taxes"). The Supreme Court has explained that "[t]he manifest purpose of [the AIA] is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962). Similarly, this Court has recognized that the DJA generally bars jurisdiction where an action "pertains to taxes."

---

[2] Federal Rule of Civil Procedure 5.1 provides that "a "party that files a pleading . . . drawing into question the constitutionality of a federal . . . statute must promptly [] file a notice of constitutional question stating the question and identifying the paper that raises it" but only if "the parties do not include the United States or one of its agencies." In other words, courts need not follow the corresponding certification requirement "when the United States, or any agency, officer, or employee thereof, is a party in the suit or proceeding." *United States v. Roberts*, No. 4:16-cv-04012, 2016 WL 6246357, at *3 (W.D. Ark. Oct. 25, 2016). Accordingly, the Court rejects Cowden's assertion that it is required to certify her constitutional question and hold a hearing on the matter. See Doc. 19 at 6.

*Hinds v. Trump*, No. 4:25-CV-47-AGF, 2025 WL 1651819, at *4 (E.D. Mo. June 11, 2025); *see also Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974) (indicating that the DJA's limitation on suits involving federal taxes is "at least as broad as" the AIA's federal-tax exception).

## DISCUSSION

As a threshold matter, the plain text of the AIA and DJA and relevant precedent forbid the Court from reviewing Cowden's disputed federal tax lien. Both statutes were designed to prevent courts from impeding the United States in collecting taxes, which is precisely what Cowden attempts to do here. Moreover, the availability of other remedies separately precludes review under the APA.

In opposing dismissal, Cowden primarily argues that she is not attempting to impede the collection of taxes but, instead, merely seeks "review of an administrative determination." Doc. 17 at 3. While a tax lien is a tool for collection, and not a collection action itself, Cowden admits that her ultimate goal is "to delay and suspend the collection threats, activities, and record inaccuracy based adverse decisions being made." Doc. 1-4 ¶ 6. In other words, she is attempting to have the Court do precisely what is forbidden by the AIA and DJA—namely, to "enjoin or otherwise obstruct the collection of taxes." *Nat'l Fed. of Indep. Bus. v. Sebelius*, 567 U.S. 519, 543 (2012).

Cowden also cites a hodgepodge of cases[3] to suggest that the AIA and DJA do not bar a claim challenging the "process and legality of an administrative action." Doc. 17 at 4. However, these cases are easily distinguishable. In *Roberts v. Commissioner*, the court did not even mention the AIA, and in any case, it was reviewing a final decision of the Tax Court, which is not true here.

---

[3] The Court notes that it was unable to locate one of the Cowden's case citations, as well as several quotations attributed to other cases she cites. The Court suspects, but cannot confirm, that portions or even the entirety of Cowden's filings were generated by artificial intelligence. If so, Cowden "wasted not only Defendant's time, but also judicial resources," and violated her obligations under Rule 11 by failing to confirm the accuracy of those citations. *See Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025) (collecting cases where courts have sanctioned pro se litigants for failing to meet the requirements of Rule 11).

3

329 F.3d 1224, 1225–27 (11th Cir. 2003). Similarly, *Bowen v. Massachusetts* does not address the application of the AIA. 487 U.S. 879 (1988). And *Cohen v. United States* concerned the adequacy of the process for collecting a refund, 650 F.3d 717, 725–26 (D.C. Cir. 2011), unlike here, where Cowden seeks a declaration that a tax lien was wrongly issued. Doc. 1 ¶ 7 ("Plaintiff is [] alleging that the lien was improperly applied to her as she is not a 'taxpayer' responsible for the debts in question . . . ."). Indeed, the Supreme Court has instructed that the "legal right to the disputed sums," like the tax lien in this case, must "be determined in a suit for refund." *See Enochs*, 370 U.S. at 7.

While not addressed directly in Cowden's memoranda, it bears noting that she could have overcome at least the AIA's bar had she established either of two possible exceptions. *See id*. But it is apparent from the briefing that neither exception applies here. First, it is far from "clear" that there are "no circumstances" under which "the Government [could] ultimately prevail." *Id.* (stating "that the question of whether the Government has a chance of ultimately prevailing is to be determined . . . at the time of the suit . . . under the most liberal view of the law and the facts"). Second, Cowden has not shown that there is no alternative legal avenue to contest the legality of the federal tax lien.[4] Despite Cowden's assertion that the "April 2014 IRS letter denying [her] request was clearly final," Doc. 17 at 6, there are at least two other remedies available: a civil damages claim against the IRS for failure to release a lien when required, 26 U.S.C. § 7432(a), or payment of the lien and a subsequent claim for a refund under IRS procedures, 26 U.S.C. § 7422(a). As Cowden has alternate legal avenues to contest the lien, the second exception does not apply, and the Court has no grounds to review the lien under the AIA.

---

[4] Significantly, the availability of alternative remedies serves as an independent basis for dismissal because the APA allows for review of "final agency actions" only where "there is no other adequate remedy in a court." 5 U.S.C. § 704; *see also* Doc. 16 at 7–8.

4

In sum, both the AIA and DJA bar this Court from reviewing Cowden's challenge to the collection of federal taxes by contesting the IRS's lien against her. As a result, the Court need not reach the United States's alternative grounds for dismissal under Rule 12(b)(6).

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants' [15] Motion to Dismiss with prejudice. The Court will issue a separate Order of Dismissal to accompany this order.

So ordered this 20th day of October 2025.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE